UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHEILA MICHELL NAVEDO,           )
                                 )
            Plaintiff             )
                                 )
       v.                        )    Civil Action No. 14-30015-KPN
                                 )
CAROLYN W. COLVIN,               )
Acting Commissioner of Social    )
Security Administration,         )
                                 )
            Defendant             )

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS and
DEFENDANT'S MOTION FOR JUDGMENT AFFIRMING
THE COMMISSIONER'S DECISION
(Document Nos. 12 and 19)
December 9, 2014

NEIMAN, U.S.M.J.

Sheila Michell Navedo ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) requesting judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") regarding her entitlement to Supplemental Security Income ("SSI") and Social Security Disability Insurance ("SSDI") benefits. Plaintiff has filed a motion for judgment on the pleadings and the Commissioner, in turn, has moved to affirm.

The parties have consented to this court's jurisdiction. *See* 28 U.S.C. § 636(c); FED. R. CIV. P. 73. For the following reasons, the court will deny Plaintiff's motion and allow the Commissioner's motion to affirm.

DISCUSSION

The parties are well aware of the factual and procedural history of this case, the

standard of review, and the applicable five-step sequential analysis. Accordingly, the court only reviews below the procedural and substantive history of the matter.

On April 25, 2009, Plaintiff applied for SSI and SSDI benefits, alleging an onset date of April 1, 2008, due to depression, mood disorder and anxiety. After a hearing on September 8, 2011, the administrative law judge ("ALJ") affirmed the denial of Plaintiff's application. (Administrative Record ("A.R.") 8-25.) Plaintiff requested review of that decision, but the Appeals Council denied her request. (A.R. 1-10.)

Plaintiff then filed an appeal in this court seeking to reverse the decision. As happens on occasion, the Commissioner filed an assented-to motion to remand, which the court granted. (A.R. 504-507.) Then, pursuant to an order from the Appeals Council, the matter was returned to the ALJ who was directed, among other things, to further evaluate the opinion of Plaintiff's treating mental health provider, Glenroy Bristol, M.Ed. ("Mr. Bristol") of Valley Psychiatric Services, and to explain the weight given to that opinion. (A.R. 508-511.)

In compliance with that order, the ALJ held a second hearing on April 4, 2013. (A.R. 479-498.) On May 14, 2013, the ALJ affirmed her previous denial. (A.R. 459-478.) In her decision, the ALJ found that Plaintiff's impairments of major depression, generalized anxiety, post traumatic stress, and attention deficit hyperactivity imposed more than minimal functional limitations. (A.R. 465.) The ALJ found, however, that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment or specifically, Listings 12.04 or 12.06. (Id.) Rather, the ALJ found that Plaintiff had the residual functional capacity ("RFC"), with certain limitations, to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and

2

416.967(b). (A.R. 466.)

Soon thereafter, Plaintiff requested the Appeals Council to remand her case for another hearing before a different administrative law judge. (A.R. at 453-456.) The Appeals Council denied Plaintiff's request, concluding that "the ALJ specifically addressed and evaluated [the] opinion evidence [and] provided references to the evidence of record that contradicted these treating source opinions." (A.R. 449.) Plaintiff then filed the instant complaint in this court.

In seeking to reverse the decision, Plaintiff argues that the ALJ erred when assessing her RFC because she failed to "adequately consider the opinions" of her treating mental health providers, Mr. Bristol and Paul Redstone, M.D. of Valley Psychiatric Services. Specifically, Plaintiff contends that the ALJ failed (1) to identify what weight, if any, she gave to Mr. Bristol's opinion, as set forth in an August 8, 2011 mental impairment questionnaire which Dr. Redstone co-signed, or (2) to point to any evidence in support of her conclusion that Mr. Bristol and Dr. Redstone's opinion was both internally and externally inconsistent. According to Plaintiff, Mr. Bristol and Dr. Redstone's opinion was consistent with their own treatment notes and the record as a whole, and, therefore, should have been accorded controlling weight.

Plaintiff's argument, in the court's view, misunderstands the nature of the appropriate inquiry at this stage of the proceedings. However reasonable Plaintiff's desired outcome may be, she may only prevail if she persuades the court that the ALJ's decision was not supported by substantial evidence. *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999); *see also Thayer v. Colvin*, 2014 WL 5581272, at *2 (D. Mass. Oct. 31, 2014). In effect, the court must review the totality of the evidentiary record to see if a

3

reasonable mind could find it adequate to support the ALJ's decision. *See Rodriguez v. Secretary of Health and Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

An administrative law judge may only give controlling weight to a treating sources's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques *and* is not inconsistent wtih the other substantial evidence." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (emphasis added). Conversely, an administrative law judge must give less weight to a treating sources's opinion that does not meet those requirements but, still, must provide "good reasons" for the ultimate weight determination. *Id. See also Guyton v. Apfel*, 20 F. Supp. 2d 156, 167 (D. Mass. 1998); *McCumber v. Colvin*, 2014 WL 4804750, at *8 (D. Mass. Sept. 25, 2014).

Here, Plaintiff does not challenge the ALJ's decision to accord Mr. Bristol's general opinions "moderate weight." Rather, Plaintiff focuses solely on the lack of controlling weight assigned to Mr. Bristol's answers to the August 8, 2011 questionnaire. In coming to this conclusion, the ALJ found that the answers were "extreme and grossly inconsistent with the claimant's actual activities of daily living and with her treatment (i.e., counseling twice monthly with no i[n]patient treatment)." (A.R. 469.) The ALJ also found that the global assessment of functioning ("GAF") score of 58 within the questionnaire was inconsistent with the "extreme" limitations set forth therein and determined that it was not only internally inconsistent but was also inconsistent with the record evidence.[1] (A.R. at 469-470.) The court finds the ALJ's analysis supported by

---

[1] A GAF score between 51 and 60 reflects moderate symptoms or moderate difficulty in social, occupational or school functioning. *See Diagnostic and Statistical Manual of Mental Disorders* 34 (American Psych. Assoc., 4th ed., 2000); Social Security Disability Law and Procedure in Federal Court, § 5:30 ("a GAF score of 51 to 60

substantial evidence.

With regard to the internal inconsistency, the ALJ found that the answers to the questionnaire, which otherwise described extreme limitations (including "extreme" difficulties in maintaining social functioning, concentration, and persistence or pace), did not align with the GAF score of 58, indicating only moderate limitations. (A.R. 469.) To be sure, a superficial discrepancy between a GAF score and a treating source's assessment is not in and of itself a sufficient basis for according little weight to the treating source's opinion. *See Thayer*, 2014 WL 5581272, at *3; *Martinez v. Colvin*, 2014 WL 3735889, at *3 (D. Mass. July 11, 2014); *Hall v. Colvin*, 18 F. Supp. 3d 144, 153 (D.R.I. 2014). Indeed, such superficial discrepancies may in fact be the very reason why the American Psychiatric Association has moved away from the GAF system.[2] Still, the other incongruities identified by the ALJ do provide sufficient evidence of inconsistency to support her decision.

For example, the ALJ found Mr. Bristol's assessment "extreme and grossly inconsistent" because Plaintiff had been able "to serve as a primary caregiver to her children and perform household tasks like cleaning and paying bills." (A.R. 469, 440.) Similarly, the ALJ pointed out that Mr. Bristol expected Plaintiff to have one or two

---

indicates only 'moderate difficulty in functioning'"); *see also, e.g.*, *Griffith v. Callahan*, 138 F.3d 1150, 1152 (7th Cir. 1998) (GAF score of 55 indicates moderate symptoms or moderate difficulty in functioning).

[2] The newest version of the DSM published on May 18, 2013, no longer employs the GAF score, although the Social Security Administration ("SSA") has indicated that it will continue to receive into evidence and consider GAF scores. *See* SSA Administrative Memorandum 13066 (July 22, 2013); *see also Hall*, 18 F. Supp. 3d at 153 (D.R.I. 2014) (noting that "GAF scores have been deemed unreliable" and discussing the Memorandum).

episodes of decompensation and miss more than four work days a month, both of which ran contrary to his assessment that Plaintiff had only "moderate" restrictions on activities of daily living. (A.R. 469.) The ALJ further cited Plaintiff's own statements that she was able to cook, clean, pay bills, and use public transportation, as well as attend school functions and independently go to her own medical appointments. (A.R. 470.)
In addition, the ALJ pointed to Dr. Redstone's August 10, 2011 note that Plaintiff denied being overwhelmingly sad, although she was concerned with irritability, and that she was organized and able to speak clearly and articulately, all of which was inconsistent with Mr. Bristol's assessment. (Id.)

Further, the ALJ cited Plaintiff's December 29, 2011 appointment with Kimberly Gage ("Gagne"), APRN, at Valley Psychiatric Services, during which she reported that her medication, Remeron, was helpful for her depressive symptoms. (Id.) Gagne had also noted that Plaintiff's thoughts were clear, logical, organized, and reality-based and that she continued to reduce the frequency, intensity, and duration of her depressive episodes and anxiety symptoms. (Id.) Finally, the ALJ highlighted two of Plaintiff's other medical appointments: on July 13, 2012, after discontinuing antidepressants due to pregnancy, Plaintiff's mood and affect were noted as within normal limits, as was her speech and thought processes. (Id.) And seven months later on February 5, 2013, during a routine physical exam, it was noted that Plaintiff exhibited normal mood, affect, appearance, speech and thought processes. (Id.)

Given all this evidence, which the ALJ discussed in her decision, a reasonable mind could have reached the same conclusion with respect to inconsistencies in Mr. Bristol and Dr. Redstone's answers to the questionnaire. *See Irlanda Ortiz v. Sec'y of*

6

*Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991) (an administrative law judge's findings of fact "will stand were a reasonable mind, reviewing the evidence on the record as a whole, could accept it as adequate to support the Commissioner's conclusion."); *see also Rodriguez Pagan v. Sec'y of Health & Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987) ("We must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence."); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981) ("In reviewing the record for substantial evidence, we are to keep in mind that issues of credibility and the drawing of permissible inference from evidentiary facts are the prime responsibility of the [Commissioner].").  Therefore, the ALJ need not have accorded more weight to Mr. Bristol and Dr. Redstone's opinions, as set forth in their answers to the August 8, 2011 questionnaire, and was instead free to "downplay" their assessment as she did.  *See Rodriguez v. Astrue*, 694 F. Supp. 2d 36, 42 (D. Mass. 2010); *Arruda v. Barnhart*, 314 F. Supp. 2d 52, 72 (D. Mass. 2004).

## CONCLUSION

For the reasons stated, Plaintiff's motion for judgment on the pleadings is DENIED and the Commissioner's motion to affirm is ALLOWED.

IT IS SO ORDERED.

December 9, 2014                                               /s/ Kenneth P. Neiman
                                                               KENNETH P. NEIMAN
                                                               U.S. Magistrate Judge